**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dwayne Eddie Starks, Appellant.

Appellate Case No. 2013-000869

Appeal From Abbeville County
Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-490
Heard October 8, 2014 – Filed October 29, 2014

**AFFIRMED**

John Edward Robinson, of Charleston, and Chief
Appellate Defender Robert Michael Dudek, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Christina Catoe Bigelow, both of
Columbia, for Respondent.

**FEW, C.J.:** Dwayne Starks appeals his conviction for armed robbery and
possession of a deadly weapon during the commission of a violent crime. Starks

argues the trial court erred in refusing to suppress evidence of an out-of-court identification of Starks by the sole eyewitness, Nakelia Williams. Starks contends the evidence should have been suppressed because the one-man show-up identification procedure used by police was unnecessarily suggestive and created a substantial likelihood of misidentification under *Neil v. Biggers*, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972). We affirm.

On the night of February 27, 2012, Starks robbed a convenience store where Williams worked as a clerk. Because Starks wore a ski mask during the robbery, Williams did not see his face, but Williams testified she recognized his voice and body build based on her prior knowledge of Starks as a regular customer of the store. Immediately after the robbery, Williams called the police and told the dispatcher she had been robbed and Starks was the person who did it. Shortly thereafter—before the show-up—she told an investigating officer she was "robbed by Dwayne Starks." One hour after the robbery, police brought Starks to the store in the back seat of a patrol car, and Williams identified Starks after viewing his face.

As to Starks' argument the trial court erred in finding the identification procedure was not unnecessarily suggestive, we agree and find the trial court's ruling was clearly erroneous. *See State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 448 (2000) (stating "[s]ingle person show-ups are particularly disfavored in the law," and holding that "it is patent the show-up procedure used was . . . suggestive").

However, we question whether *Biggers* applies to the facts of this case. Williams used one criterion—Starks' face—to identify Starks during the identification procedure but used other criteria—Starks' voice and body build—to identify Starks during the commission of the crime. Therefore, the reliability of Williams' testimony that Starks committed the crime depended only upon the accuracy of her recognition of Starks' voice and body build during the crime sequence, and did not depend upon any likelihood of misidentification the police created when she viewed Starks' face during the show-up procedure. *See Biggers*, 409 U.S. at 198, 93 S. Ct. at 381-82, 34 L. Ed. 2d at 410 ("It is the likelihood of misidentification which violates a defendant's right to due process . . . ."). The show-up served the primary purpose of identifying Starks as the person Williams knew before the crime, and she identified him as the person who committed the crime based on her prior knowledge of him—not as a result of suggestive police procedures. *See State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 426 (2012) ("Due process requires courts to assess . . . whether the identification *resulted from* unnecessary

and unduly suggestive *police procedures . . . .*" (emphasis added)). *Compare Liverman*, 398 S.C. at 134-35, 140-41, 727 S.E.2d at 424, 427 (finding *Biggers* applies where the witness saw the suspect's face during the crime and identified the suspect upon viewing his face in a show-up) *with State v. McGee*, 408 S.C. 278, 286-87, 758 S.E.2d 730, 734-35 (Ct. App. 2014) (holding *Biggers* did not apply to an identification because the "testimony related to seeing [the defendant] a year before the [crime] and was for the purpose of showing that [the defendant] knew [the victim]").

In any event, we find the trial court acted within its discretion in applying the *Biggers* reliability factors and in determining the identification procedure "was nevertheless so reliable that no substantial likelihood of misidentification existed." *Liverman*, 398 S.C. at 138, 727 S.E.2d at 426 (citing *Biggers*, 409 U.S. at 199-200, 93 S. Ct. at 382, 34 L. Ed. 2d at 411). "Whether an eyewitness identification is sufficiently reliable is a mixed question of law and fact." 398 S.C. at 137-38, 727 S.E.2d at 425. "Generally, the decision to admit an eyewitness identification is at the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion." 398 S.C. at 138, 727 S.E.2d at 425. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Biggers*, 409 U.S. at 199-200, 93 S. Ct. at 382, 34 L. Ed. 2d at 411; *see also Liverman*, 398 S.C. at 138, 727 S.E.2d at 426 (listing factors).

In this case, the trial court considered all the *Biggers* factors and discussed its findings as to those factors on the record. The trial court placed particular emphasis on the fact that Williams knew Starks before the crime. *See Liverman*, 398 S.C. at 141, 727 S.E.2d at 427 ("[T]he fact that an identification witness knows the accused remains a significant factor in determining reliability."). The trial court's finding that the identification was sufficiently reliable is supported by the evidence, and thus was not an abuse of discretion.

**AFFIRMED.**

**LOCKEMY, J., concurs.**

**THOMAS, J., concurs in result only.**